UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TERRY M. LAWRENCE, JR.

VERSUS                                           CIVIL ACTION

UNKNOWN OFFICER                                  NUMBER 13-180-BAJ-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, January 21, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TERRY M. LAWRENCE, JR.

VERSUS                                                    CIVIL ACTION

UNKNOWN OFFICER                                           NUMBER 13-180-BAJ-SCR

## MAGISTRATE JUDGE'S REPORT

Plaintiff was ordered to show cause why his complaint should not be dismissed for failure to pay the court's filing fee. Record document number 14.

Pro se plaintiff, while an inmate confined at River Bend Detention Center, Lake Providence, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against an unidentified corrections officer at the East Baton Rouge Parish Prison. Plaintiff alleged that in early February 2011, the unidentified officer was negligent when he failed to properly close the door to another inmate's cell, thereby allowing the other inmate to exit his cell and attack the plaintiff while he was in the shower.

On June 3, 2013, the plaintiff's motion to proceed in forma pauperis was denied and the plaintiff was ordered to pay the court's filing fee in the amount of $400 within 21 days.[1]

On June 13, 2013, the ruling issued June 3, 2013 was returned

---

[1] Record document number 9.

undelivered.[2]  A notation on the envelope stated that the plaintiff was released from custody.[3]

On July 26, 2013, the plaintiff filed a notice of change of address and the June 3, 2013 ruling was re-sent to the new address in Del Valle, Texas.[4]  The ruling which was re-sent on July 26, 2013 was returned undelivered with a notation by prison officials that the mail could not be delivered without a booking number.[5]

On December 3, 2013, the plaintiff was ordered to show cause on December 20, 2013, why his complaint should not be dismissed for failure to pay the filing fee.[6]

On December 13, 2013, the show cause order was returned undelivered with a notation by prison officials in Del Valle, Texas that the plaintiff was no longer incarcerated there.[7]

Uniform Local Rule 41.2 provides that the failure of a pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of

---

[2] Record document number 10.

[3] *Id.*

[4] Record document number 12.

[5] Record document number 13.

[6] Record document number 14.

[7] Record document number 15.

thirty (30) days.

It is clear that the plaintiff has lost interest in prosecuting this action.  In addition to taking no action to further prosecute this case, the plaintiff has failed to keep the court apprised on his current address and failed to pay the filing fee.

As a practical matter, the case cannot proceed if the plaintiff does not prosecute it, or keep the court informed of his current mailing address, or respond to the court's orders regarding disposition of the case.  Imposition of sanctions short of dismissal without prejudice would be ineffective in the circumstances of this case.

### RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed for failure to prosecute pursuant to Louisiana Uniform Local Rule 41.2 and for failure to pay the court's filing fee.

Baton Rouge, Louisiana, January 21, 2014.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE